UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH A. REICHART,

        Plaintiff,

v.                                                Case No. 18-CV-1344

ANDREW M. SAUL[1],
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## DECISION AND ORDER

**1. Background**

Joseph Reichart suffers from a Chiari Type I malformation, a condition in which brain tissue extends into a person's spinal canal. As a result, Reichart is in constant pain, which he describes as "like headache pressure" in his head. (Tr. 64.) The pain varies and sometimes becomes so severe that when he is undergoing work therapy through the Veteran's Administration he has to go and hide in a closet. (Tr. 81.) His condition also leads to blurred vision, uncontrolled muscle movements in his face, weakness in his

---

[1] As of June 4, 2019, Andrew M. Saul is the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is substituted as the named defendant in this action.

arms, pain in his hands and feet, and a hard time concentrating or paying attention. (Tr. 64-65.) As a result of this and other impairments, Reichart alleges he is disabled.

He applied for Supplemental Security Income (SSI) Benefits under Title XVI and Social Security Disability Income (SSDI) Benefits under Title II of the Social Security Act. Following a hearing, an administrative law judge (ALJ) concluded Reichart had the residual functional capacity (RFC)

> to perform medium work as defined in 20 CFR 404.1567 and 416.967 except he must avoid concentrated exposure to extreme cold, extreme heat, wetness or humidity, excessive noise, irritants such as fumes, odors, dust and gases, unprotected heights and the use of moving machinery; he is limited to occasional climbing of ladders, ropes or scaffolds; he is limited to unskilled work performing simple, routine and repetitive tasks; he is allowed off task up to ten percent of the workday, in addition to regular breaks; he is limited to occasional interaction with coworkers and the public; and he cannot perform fast-paced production tasks but end-of-day quotas are permitted.

(Tr. 21.)

Relying on the testimony of a vocational expert, the ALJ concluded that, based on Reichart's RFC, age, education, and work experience, he could work as a packager, laundry worker, or warehouse worker and, therefore, was not disabled. (Tr. 31.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review.

## 2. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with

2
Case 2:18-cv-01344-WED    Filed 08/21/19    Page 2 of 7    Document 23

substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)). Deference to the ALJ is lessened when the ALJ's determination is based on errors in logic or fact. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). If the ALJ committed an error of law, his decision cannot be upheld irrespective of whether it is supported by substantial evidence. *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

3. **Analysis**

   a. **Off-Task Limitation**

Reichart argues that the ALJ erred because he failed to explain the basis for his conclusion that Reichart would be off task no more than ten percent of the workday. (ECF No. 17 at 3-5.) The ALJ stated:

> In contrast with the consultants' opinions, the residual functional capacity assessed herein contains a limitation about off task behavior. This limitation is appropriate given the claimant's severe impairments. The off task limitation reflects the belief that the claimant has medical conditions that will cause him to be off task at work but, given the evidence as a whole, his off task behavior would not rise to the level such that it would be work preclusive.

(Tr. 28.)

The court agrees with Reichart that the ALJ offered no explanation for his conclusion that Reichart would not be off task any more than ten percent of a workday. The ten percent figure appears to have been chosen for no reason other than the fact that it was the limit above which, according to the vocational expert, full-time work would be precluded. (*See* Tr. 78.) This lack of an explanation for an RFC finding may constitute an error requiring remand. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017).

However, Reichart has failed to point to evidence suggesting that he actually would be off task more than ten percent of a workday. Although Reichart testified about needing to go and hide in a closet when his pain got bad at work, there is no evidence of how often this would occur or how long he would need to hide for. *Cf. Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (noting "unrebutted testimony that he was taking unscheduled breaks (sometimes for 20 minutes) three to five times during his five-hour shifts"). In the absence of any such evidence, no reasonable ALJ on remand could find that Reichart would be off task more than ten percent of the time and thus

4

disabled. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (discussing harmless error). Consequently, Reichart is not entitled to remand on this ground.

### b. Absenteeism

Reichart also argues that the ALJ failed to give reasons for discounting his testimony that he would be absent from work at least once a week. (ECF No. 17 at 5.) The Commissioner responds:

> the ALJ provided numerous, legally and factually sufficient reasons to support his determination that Plaintiff's allegations of disabling symptoms were inconsistent with the objective medical and other evidence. (Tr. 20, 22-30, discussing objective medical evidence, Plaintiff's treatment regimen, improvement with treatment, daily activities, post-onset work activity, and the medical opinions.)

(ECF No. 21 at 6.)

The Commissioner is correct that the ALJ discussed "objective medical evidence, Plaintiff's treatment regimen, improvement with treatment, daily activities, post-onset work activity, and the medical opinions" within the ten pages of his decision that the Commissioner cites. However, never did the ALJ connect this recitation of the evidence with an explanation for discounting the plaintiff's testimony regarding absenteeism. In fact, for the most part, the ALJ never connected his bald recitation of facts to any conclusion or analysis. The ALJ's decision is devoid of any discussion of Reichart's absenteeism.

Although a claimant's testimony is not presumed correct, *Boeck v. Berryhill*, No. 16-C-1003, 2017 U.S. Dist. LEXIS 161683, at *52 (E.D. Wis. Sep. 30, 2017), an ALJ still

5
Case 2:18-cv-01344-WED     Filed 08/21/19     Page 5 of 7     Document 23

must explain why he is discounting it, even if that reason is simply that there is no evidence to support the claim. There is evidence to support Reichart's testimony that he frequently misses work. For example, in his post-hearing brief, Reichart referred to "numerous medical excuses" that a physician wrote to excuse Reichart's absences from his last job. (Tr. 423.) Although the brief states that these documents are being submitted as Exhibit 17F, no such exhibit is part of the record provided to the court. However, the record does contain physician's notes regarding some of Reichart's absences. (*See* Tr. 291 (stating Reichart was absent Jan. 29, 2015 – Feb. 2, 2015 due to illness); 298 (stating Reichart was absent March 20 and 21, 2015 due to illness); 300 (stating Reichart was absent March 26, 2015 due to illness).) Notably, these absences coincide with the period shortly before Reichart was required to take a leave of absence from the job because of his medical conditions. (Tr. 307.)

    The vocational expert testified that fulltime work would be precluded for a person who would be absent more than one day per month. (Tr. 78.) Consequently, the court cannot say that the ALJ's failure to provide good reasons for not considering Reichart's absenteeism in assessing his RFC was harmless. Therefore, remand is required.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is remanded for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of August, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge